IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WALLEON BOBO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:08-cv-02238-JPM-dkv |
| | ) JURY DEMANDED |
| UNITED PARCEL SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS**

Defendant United Parcel Service, Inc. responds to Plaintiff's First Set of Interrogatories and Requests for Production of Documents as follows:

**GENERAL OBJECTIONS**

1. UPS objects to Plaintiff's interrogatories and requests for production to the extent they seek discovery of matters protected by the work product doctrine, attorney-client privilege, or other privilege.

2. UPS objects to Plaintiff's interrogatories and requests for production to the extent they purport to impose obligations on UPS beyond the requirements of the Federal Rules of Civil Procedure or Local Rules of Court.

3. UPS objects to Plaintiff's interrogatories and requests for production to the extent they call for the identification or production of information that is a matter of public record or is otherwise equally available to Plaintiff.

4. UPS objects to each interrogatory and request for production that seeks information at locations other than the location at which Plaintiff worked.

EXHIBIT
A

2204149.5

Without waiving the foregoing objections, UPS will respond hereto in accordance with the Federal Rules of Civil Procedure and the Local Rules of Court.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state each and every reason Plaintiff was terminated.

**RESPONSE: Plaintiff was terminated for falsifying documents and dishonesty.**

**INTERROGATORY NO. 2:** Describe the sequence of events that led up to Plaintiffs termination.

**RESPONSE: On April 18, 2007, Feeder Driver Fredrick Flenorl made a complaint to UPS Security that his safety records had been falsified by Plaintiff. UPS' Security Department interviewed Plaintiff, who admitted that he had not done a full Space and Visibility Ride with Mr. Flenorl, but instead merely watched Mr. Flenorl for a few minutes as he drove his tractor, without a trailer, on UPS' campus. Based on these admissions of dishonesty and falsification, which Plaintiff confirmed in a handwritten statement, UPS discharged Plaintiff.**

**INTERROGATORY NO. 3:** Identify any documents or communications, not protected by attorney-client privilege, reflecting a reason for, or the fact of, Plaintiff's termination, including, but not limited to, e-mail, tape recordings, answering machine recordings, and faxes.

**RESPONSE:** UPS is aware of the following such documents: 1) statement dated May 10, 2007 by Plaintiff regarding his dishonesty and falsification of safety documents; 2) statement dated May 10, 2007 by Mr. Flenorl regarding Plaintiff's dishonesty and falsification of safety records; 3) notes by Ronald Barrett regarding his investigation of Plaintiff's dishonesty and falsification of safety records; 4) Feeder Driver Record of Safety Ride dated January 8, 2007 regarding Plaintiff's falsification of Mr. Flenorl's safety ride paperwork; 5) statement dated April 23, 2007 by Mr. Flenorl regarding Plaintiff's dishonesty and falsification of safety records; 6) hand-written statement dated July 9, 2007 by James T. Swindle regarding Plaintiff's failure to perform a complete safety ride and falsification of safety records; 7) Feeder Driver Record of Safety Ride dated February 13, 2007 regarding Plaintiff's falsification of Mr. Swindle's safety ride; 8) statement dated July

10, 2007 by Randy Cain regarding Plaintiff's falsification of safety records; 9) Feeder Driver Record of Safety Ride dated April 6, 2007 regarding Plaintiff's falsification of Mr. Cain's safety records.

**INTERROGATORY NO. 4**: Identify the person responsible for the decision to terminate Plaintiff.

**RESPONSE:** Robert Wagner and Jon Robertson.

**INTERROGATORY NO. 5**: State whether, during the time he was employed by you, any disciplinary action was taken against Plaintiff, and if so, describe the action in detail.

**RESPONSE: Documents from Plaintiff's Xerox and Center files reflecting the discipline received by Plaintiff during his employment will be made available for inspection and copying pursuant to Fed. R. Civ. P. 33(d).**

**INTERROGATORY NO. 6**: Identify the person who was Plaintiff's supervisor during the time he was employed by you.

**RESPONSE: Objection.** This Interrogatory is overly broad in temporal scope, vague and ambiguous. The term "supervisor" is vague and ambiguous because there were multiple individuals who had supervisory authority over Plaintiff during his employment. This request is overly broad in temporal scope because it does not request the identity of Plaintiff's supervisor during any specific period of time over Plaintiff's approximately twenty years of employment. Subject to and without waiving the foregoing objections, Norman Morton, Jr., Jeffrey Hauss, and Robert Wagner directly supervised Feeder Driver Supervisors in the Oakhaven Feeder Department when Plaintiff was terminated.

**INTERROGATORY NO. 7**: Identify each employee or former employee who, in the last three years, was reprimanded or terminated for the reasons for which Plaintiff was terminated.

**RESPONSE: Objection.** Plaintiff's Interrogatory is vague, overbroad and calls for information not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, during the same general timeframe and who engaged in misconduct under circumstances similar to those resulting

in Plaintiff's discharge. Subject to and without waiving the foregoing objection, in October 2007, UPS discovered the possible falsification of a safety ride by supervisor, Ronnie Wallace. Mr. Wallace voluntarily resigned his employment before UPS conveyed the decision to discharge him.

**INTERROGATORY NO. 8**: Please provide the name, race, and last known address and telephone number of each employee who has ever been accused of falsifying safety ride documentation within the Mid-South District since 1/1/00 and for each employee, please provide the following:

(a) the date of the incident;

(b) how it was reported to management;

(c) the disciplined administered;

(d) the identity of the management official who administered the discipline; and

(e) whether the employee was able to return to UPS after being so accused.

(f) whether any such employee was a member of the military

**RESPONSE**: Objection. Plaintiff's Interrogatory is vague, overbroad and calls for information not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, during the same general timeframe and who engaged in misconduct under circumstances similar to those resulting in Plaintiff's discharge. Information regarding individuals who worked at other locations, under different direct supervisors, is irrelevant to whether Plaintiff was discriminated or retaliated against by his direct supervisors in the Oakhaven Feeder Department. Subject to and without waiving the foregoing objection, in October 2007, UPS discovered the possible falsification of a safety ride by supervisor, Ronnie Wallace. Wallace was taken out of service pending an investigation. Wallace voluntarily resigned his employment shortly thereafter and before UPS conveyed the decision to discharge him. Wallace is a 36-year old male Caucasian.

**INTERROGATORY NO. 9**: Please identify each and every manager in the Mid-South District placed out of service since January 1, 2005, yet then returned to service. State the person's race, age, and whether the person was a member of the military.

RESPONSE: Objection. Plaintiff's Interrogatory is vague, overbroad and calls for information not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, during the same general timeframe and who engaged in misconduct under circumstances similar to those resulting in Plaintiff's discharge. Information regarding individuals who worked at other locations, under different direct supervisors, is irrelevant to whether Plaintiff was discriminated or retaliated against by his direct supervisors in the Oakhaven Feeder Department. Subject to and without waiving the foregoing objection, see response to Interrogatory No. 8.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: Please produce and attach copies of the personnel files of all individuals who have been directly supervised by Cowan since January 1, 2006.

RESPONSE: Objection. This Request is vague, overbroad, seeks to impose an undue burden on UPS, and calls for information not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, during the same general timeframe and who engaged in misconduct under circumstances similar to those resulting in Plaintiff's discharge. Besides the inherent vagueness and ambiguity in the term "personnel file," producing employment-related documents on this large group of people raises issues of confidentiality and sensitivity, and thus far Plaintiff has given no explanation for how these "personnel files" are reasonably calculated to lead to the discovery of admissible evidence. Moreover, information regarding individuals supervised by Cowan is irrelevant because he was not a decision maker with respect to Plaintiff's termination. If Plaintiff will confer with UPS and reasonably narrow the scope of this request, UPS will provide relevant, discoverable documents for inspection and copying, if such can be done without undue hardship.

**REQUEST FOR PRODUCTION NO. 2**: Please produce and attach copies of the personnel files of all managers hired, demoted, terminated, or otherwise disciplined by Bob Cowan since January 1, 2005.

RESPONSE: Objection. This Request is vague, overbroad, seeks to impose an undue burden on UPS, and calls for information not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, during the same general timeframe and who engaged in misconduct under

circumstances similar to those resulting in Plaintiff's discharge. Besides the inherent vagueness and ambiguity in the term "personnel file," producing employment-related documents on this large group of people raises issues of confidentiality and sensitivity, and thus far Plaintiff has given no explanation for how these "personnel files" are reasonably calculated to lead to the discovery of admissible evidence. Moreover, information regarding individuals supervised by Cowan is irrelevant because he was not a decision maker with respect to Plaintiff's termination. If Plaintiff will confer with UPS and reasonably narrow the scope of this request, UPS will provide relevant, discoverable documents for inspection and copying, if such can be done without undue hardship.

**REQUEST FOR PRODUCTION NO. 3**: Please produce and attach copies of the EEOC Report(s) submitted to the federal government to assure compliance with federal contractor requirements.

**RESPONSE**: Objection. This Request is vague, ambiguous, overly broad in temporal proximity and calls for information not reasonably calculated to lead to the discovery of admissible evidence. The term "EEOC Report" is capable of multiple and varied meanings, and UPS is not required to guess at Plaintiff's intended meaning. Moreover, "EEOC Reports" are irrelevant to Plaintiff's claims that he was discriminated and retaliated against by his direct supervisors in the Oakhaven Feeder Department. If Plaintiff will confer with UPS and reasonably narrow the scope of this request, UPS will provide relevant, discoverable documents for inspection and copying, if such can be done without undue hardship.

**REQUEST FOR PRODUCTION NO. 4**: Please produce and attach copies of any and all reports submitted to the federal government containing information, in whole or in part, of the respective age, race and ethnicities of any facilities in which Cowan has supervised, worked, or otherwise controlled.

**RESPONSE**: Objection. This Request is vague, ambiguous, overly broad in temporal proximity and calls for information not reasonably calculated to lead to the discovery of admissible evidence. The request for "all reports" regarding the age, race and ethnicities of "any facilities" is vague, ambiguous and fails to describe the documents sought with reasonable particularity. Information regarding individuals who merely worked in facilities supervised by Cowan will encompass information that is in no way relevant to whether Plaintiff was discriminated or retaliated against by his direct supervisors in the Oakhaven Feeder Department because Cowan was not a decision maker with respect to Plaintiff's termination. Subject to and without waiving the foregoing objections, at the time of Plaintiff's termination, UPS employed approximately 5000 full

and part-time employees in its Mid South District (2069 Black, 2886 White, 44 Hispanic, 23 Asian, 20 American Indian, 1 Hawaiian/North Pacific Islander and 7 Two or more). UPS objects to providing the date of birth for over 5000 employees as irrelevant, overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 5**: Please produce and attach copies of any and all documents that address, or relate to, the way in which safety rides are to be conducted.

**RESPONSE**: Objection. This Request is overly broad and unduly burdensome to the extent it asks for all documents that "relate to" the way in which safety rides are to be conducted. Subject to and without waiving the foregoing objections, documents reflecting the skills evaluated during safety rides will be made available for inspection and copying.

**REQUEST FOR PRODUCTION NO. 6**: Please produce and attach copies of any objective criteria used to discipline managers.

**RESPONSE**: UPS managers/supervisors are disciplined on a case by case basis in accordance with UPS policy. UPS' Policy Book, Code of Business Conduct, Equal Opportunity Statement, and Absence and Leave Guidelines will be made available for inspection and copying.

**REQUEST FOR PRODUCTION NO. 7**: Please produce and attach copies of any and all training materials, seminar materials, H-R memorandums, or other memoranda that address, or relate to, the method under which managers are disciplined.

**RESPONSE**: Objection. This Request is overly broad, vague and ambiguous to the extent it asks for all documents that "relate to" the method by which managers are disciplined. The request for training materials, seminar materials, H-R memorandums, or other memoranda that "relate to" the method under which managers are disciplined will encompass information that is in no way relevant to Plaintiff's allegations he was discriminated or retaliated against. Subject to and without waiving the foregoing objections, see Response No. 6.

**REQUEST FOR PRODUCTION NO. 8**: Please produce and attach copies of all statistical computations compiled by Defendant in order to assure compliance with the federal government's affirmative action deadlines.

RESPONSE: Objection. This Request is vague, ambiguous, overly broad in temporal proximity and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Any "statistical computations" compiled by UPS would have no bearing on Plaintiff's claims he was discriminated or retaliated against. Subject to and without waiving the foregoing objections, see response to Request No. 4.

**REQUEST FOR PRODUCTION NO. 9**: Please produce and attach copies of the Defendant's EEO-1 Report for each year since 2002.

RESPONSE: Objection. This Request is vague, ambiguous, overly broad in temporal proximity and calls for information not reasonably calculated to lead to the discovery of admissible evidence. All EEO-1 Reports compiled by UPS since 2002 will have no bearing on Plaintiff's claims he was discriminated or retaliated against in 2006 by his supervisors in UPS' Oakhaven Feeder Department. Subject to and without waiving the foregoing objections, see response to Request No. 4.

**REQUEST FOR PRODUCTION NO. 10**: Please produce and attach copies of the job descriptions for each job Plaintiff has held within Defendant's company.

RESPONSE: Objection. This Request is overly broad in temporal proximity and calls for information not reasonably calculated to lead to the discovery of admissible evidence. The job descriptions for each job Plaintiff held over his approximately 20 years of employment are not relevant to Plaintiff's claims he was discriminated or retaliated against in 2006 as an On-Road Feeder Supervisor in the Oakhaven Feeder Department. Subject to and without waiving the foregoing objections, documents reflecting the responsibilities of an On-Road Feeder Supervisor will be made available for inspection and copying.

**REQUEST FOR PRODUCTION NO. 11**: Please produce and attach copies of the personnel file for the person who replaced Plaintiff as manager.

RESPONSE: Objection. Plaintiff's Request is vague and ambiguous in that "personnel file" is capable of multiple and varied meanings, and UPS is not required to define Plaintiff's intended meaning. Moreover, Plaintiff's request is vague and ambiguous in that it refers to the "person who replaced Plaintiff." UPS hires On-Road Feeder Supervisors on an as needed basis and one supervisor does not necessarily replace another. Subject to and without waiving the foregoing objections, David Barnes was the next employee to work as an On-Car Supervisor in the Oakhaven Facility's Feeder Department following Plaintiff's termination. Responsive documents regarding Barnes will be made available for inspection and copying.

**REQUEST FOR PRODUCTION NO. 12**: Please produce and attach copies all security files involving the Plaintiff.

**RESPONSE: Objection. This Request is vague and ambiguous and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's request for "all security files involving the Plaintiff" encompasses documents in no way relevant to Plaintiff's claims he was discriminated or retaliated against. Subject to and without waiving the foregoing objections, UPS investigation files regarding Plaintiff will be made available for inspection and copying.**

**REQUEST FOR PRODUCTION NO. 13**: Please produce and attach copies of any and all memoranda that describe, address, or relate to any discipline managers has received from Defendant since 1/1/03 in the Mid-South District.

**RESPONSE: Objection. Plaintiff's Request is vague, overbroad, seeks to impose an undue burden on UPS, and calls for information not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, during the same general timeframe and who engaged in misconduct under circumstances similar to those resulting in Plaintiff's discharge. Information regarding every manager who has been disciplined in the Mid-South District has no relevance to Plaintiff's claims he was discriminated or retaliated against by his supervisors. If Plaintiff will confer with UPS and reasonably narrow the scope of this request, UPS will provide relevant, discoverable documents for inspection and copying, if such can be done without undue hardship.**

**REQUEST FOR PRODUCTION NO. 14**: Please produce and attach copies of any and all documents that describe, or relate to, the policy in effect on the date Plaintiff applied for the position at issue that addresses, relates to, or contains directives or suggestions that Defendant suggests or requires its managers to utilize in order to assure non-discriminatory criteria are used for each employment decision.

**RESPONSE: See Response No. 6.**

**REQUEST FOR PRODUCTION NO. 15**: Please produce and attach copies of each and every document that describe the reasons for Plaintiffs terminations.

**RESPONSE:** Plaintiff's Request is overly broad and unduly burdensome in that it requests "each and every" document describing Plaintiff's termination. Each and every document will encompass duplicative information and documents that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, responsive documents will be made available for inspection and copying.

**REQUEST FOR PRODUCTION NO. 16**: Please produce and attach copies of any and all lawsuits in which Cowan has served as the Defendant's corporate representative.

**RESPONSE:** Objection. Plaintiff's Request is vague, ambiguous, overbroad and calls for information not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to lawsuits involving employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, during the same general timeframe and who engaged in misconduct under circumstances similar to those resulting in Plaintiff's discharge. Plaintiff's request for lawsuits in which Cowan served as UPS' "corporate representative" will encompass documents that have no relevance to Plaintiff's claims he was discriminated or retaliated against. Information regarding lawsuits in which Cowan was involved is irrelevant because he was not a decision maker with respect to Plaintiff's termination. Moreover, the Request is vague and ambiguous because it does not define the term "corporate representative," which is susceptible to multiple definitions. If Plaintiff will confer with UPS and reasonably narrow the scope of this request, UPS will provide relevant, discoverable documents for inspection and copying, if such can be done without undue hardship.

**REQUEST FOR PRODUCTION NO. 17**: Please produce and attach copies of any and all lawsuits in which Cowan has been sued.

**RESPONSE:** Objection. Plaintiff's Request is vague, ambiguous, overbroad and calls for information not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to lawsuits involving employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, during the same general timeframe and who engaged in misconduct under circumstances similar to those resulting in Plaintiff's discharge. Moreover, information regarding lawsuits in which Cowan was involved is irrelevant because he was not a decision maker with respect to Plaintiff's termination. This Request seeks information that will have no relevance to Plaintiff's claims he was discriminated and retaliated against. If

Plaintiff will confer with UPS and reasonably narrow the scope of this request, UPS will provide relevant, discoverable documents for inspection and copying, if such can be done without undue hardship.

**REQUEST FOR PRODUCTION NO. 18**: Please produce and attach copies of all security investigations regarding safety rides by managers since January 1, 2003 in the Mid-South District.

RESPONSE: Objection. Plaintiff's Request is vague, ambiguous, overbroad, seeks to impose an undue burden on UPS, and calls for information not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to security investigations involving employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, during the same general timeframe and who engaged in misconduct under circumstances similar to those resulting in Plaintiff's discharge. Moreover, the Request is vague and ambiguous because it does not define the term "security investigation," which is susceptible to multiple definitions. If Plaintiff will confer with UPS and reasonably narrow the scope of this request, UPS will provide relevant, discoverable documents for inspection and copying, if such can be done without undue hardship. Security investigation documents regarding Plaintiff and Ronnie Wallace will be made available for inspection and copying.

**REQUEST FOR PRODUCTION NO. 19**: Please produce and attach copies of any and all lawsuits that have been filed against the Defendant alleging discrimination in the Mid-South District since January 1, 2003.

RESPONSE: Objection. Plaintiff's Request is vague, ambiguous, overbroad and calls for information not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to lawsuits involving employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, with the same claims, during the same general timeframe and who engaged in misconduct under circumstances similar to those resulting in Plaintiff's discharge. If Plaintiff will confer with UPS and reasonably narrow the scope of this request, UPS will provide relevant, discoverable documents for inspection and copying, if such can be done without undue hardship.

**REQUEST FOR PRODUCTION NO. 20**: Please produce and attach copies of personnel files for each and every individual who has served as managers in Cowan's division in the EEO 1a category.

RESPONSE: Objection. This Request is vague, overbroad, seeks to impose an undue burden on UPS, and calls for information not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, during the same general timeframe and who engaged in misconduct under circumstances similar to those resulting in Plaintiff's discharge. Besides the inherent vagueness and ambiguity in the term "personnel file," producing employment–related documents on this large group of people raises issues of confidentiality and sensitivity, and thus far Plaintiff has given no explanation for how these "personnel files" are reasonably calculated to lead to the discovery of admissible evidence. Moreover, information regarding managers who worked under Cowan is irrelevant because he was not a decision maker with respect to Plaintiff's termination. If Plaintiff will confer with UPS and reasonably narrow the scope of this request, UPS will provide relevant, discoverable documents for inspection and copying, if such can be done without undue hardship.

**REQUEST FOR PRODUCTION NO. 21**: Please produce and attach copies of the personnel files or security investigations for all managers who have been reprimanded since January 1, 2003.

RESPONSE: Objection. This Request is vague, overbroad, seeks to impose an undue burden on UPS, and calls for information not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, during the same general timeframe and who engaged in misconduct under circumstances similar to those resulting in Plaintiff's discharge. Besides the inherent vagueness and ambiguity in the term "personnel file," producing employment–related documents on this large group of people raises issues of confidentiality and sensitivity, and thus far Plaintiff has given no explanation for how these "personnel files" are reasonably calculated to lead to the discovery of admissible evidence. If Plaintiff will confer with UPS and reasonably narrow the scope of this request, UPS will provide relevant, discoverable documents for inspection and copying, if such can be done without undue hardship.

**REQUEST FOR PRODUCTION NO. 22**: Please produce and attach the personnel files of those individuals identified in your response to the preceding interrogatories.

**RESPONSE:** See Response to Request No. 21.

**REQUEST FOR PRODUCTION NO. 23**: Please produce and attach copies of any e-mails referencing the reasons for Plaintiffs termination.

**RESPONSE:** Objection. This Request is overbroad, seeks to impose an undue burden on UPS, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. The Request is unduly burdensome in that it would require UPS to search for emails in facilities in which Plaintiff did not work concerning individuals who had no involvement in Plaintiff's termination. Responsive documents will be made available for inspection and copying.

**REQUEST FOR PRODUCTION NO. 24**: Please produce and attach copies of any and all documents that reference or address any internal complaints filed against the Defendant alleging discrimination since January 1, 2006.

**RESPONSE:** Objection. Plaintiff's Request is vague, ambiguous, overbroad, seeks to impose an undue burden on UPS, and calls for information not reasonably calculated to lead to the discovery of admissible evidence, in that it is not limited to complaints involving employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, with the same claims, during the same general timeframe and who engaged in misconduct under circumstances similar to those resulting in Plaintiff's discharge. If Plaintiff will confer with UPS and reasonably narrow the scope of this request, UPS will provide relevant, discoverable documents for inspection and copying, if such can be done without undue hardship.

**REQUEST FOR PRODUCTION NO. 25**: Please produce and attach copies of the personnel files of all managers who have been terminated or demoted by Cowan in the Mid South District.

**RESPONSE:** Objection. Plaintiff's Request is vague, ambiguous, overbroad, seeks to impose an undue burden on UPS, and calls for information not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to terminations or demotions involving employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, during the same general timeframe and who engaged in misconduct under circumstances similar to those resulting in Plaintiff's discharge. Plaintiff's Request is vague and ambiguous in that "personnel file" is capable of multiple and varied meanings, and UPS is not required to define Plaintiff's

intended meaning. Moreover, information regarding individuals disciplined by Cowan is irrelevant because he was not a decision maker with respect to Plaintiff's termination. If Plaintiff will confer with UPS and reasonably narrow the scope of this request, UPS will provide relevant, discoverable documents for inspection and copying, if such can be done without undue hardship.

**REQUEST FOR PRODUCTION NO. 26**: Please produce and attach copies of any and all write-ups concerning falsification of safety ride documentation in the Mid-South District during Mr. Cowan's tenure.

RESPONSE: Objection. Plaintiff's Request is vague, ambiguous, overbroad, seeks to impose an undue burden on UPS, and calls for information not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to employees similarly situated to Plaintiff, such as those in the same job position under the supervision of the same decision makers, during the same general timeframe and who engaged in misconduct under circumstances similar to those resulting in Plaintiff's discharge. Plaintiff's Request is also vague and ambiguous in that "write-ups" is capable of multiple and varied meanings, and UPS is not required to define Plaintiff's intended meaning. UPS does not maintain records on any employee that UPS refers to as "write-ups." Moreover, information regarding individuals disciplined during Cowan's tenure is irrelevant because he was not a decision maker with respect to Plaintiff's termination. Subject to and without waiving the foregoing objections, responsive documents will be made available for inspection and copying.

**REQUEST FOR PRODUCTION NO. 27**: Please produce and attach copies of any and all policies that describe or relate to continuation of benefits, once UPS employee is deployed to active duty.

RESPONSE: Objection. Plaintiff's Request is overly broad in temporal proximity and calls for information not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to the period during which Plaintiff claims he took leave. Subject to and without waiving the foregoing objections, responsive documents will be made available for inspection and copying.

*[signature]*
Stanley E. Graham (BPR# 019788)
William T. Fiala (BPR# 022788)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
P. O. Box 198966
Nashville, TN 37219-8966
615-244-6380
615-244-6804 (fax)
stan.graham@wallerlaw.com
bill.fiala@wallerlaw.com

*Attorneys for United Parcel Service, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via class mail, postage prepaid, upon:

Luther Oneal Sutter, Esq.
HARRILL & SUTTER, PLLC
310 W. Conway St.
Benton, AR 72015

Andrew C. Clarke, Esq.
BOROD & KRAMER, PLC
80 Monroe Avenue, Suite G1
Memphis, TN 38103

On this 10th day of September, 2008.

*[signature]*