IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**WALLEON BOBO,**

      **Plaintiff,**

v.                                  **Case 2:08-cv-02238-SHM-cgc**

**UNITED PARCEL SERVICE, INC.,**

      **Defendant.**

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Before the Court is Plaintiff Walleon Bobo's Motion for Attorneys' Fees and Costs. (Docket Entry ("D.E.") #212). The instant motion was referred to the Magistrate Judge for determination. (D.E. #194).[1] For the reasons set forth herein, Plaintiff's Motion for Attorneys' Fees and Costs is hereby GRANTED. The Court finds that Plaintiff should be awarded $82,982.50 in attorneys' fees and $4,559.06 in costs to Attorney Luther Sutter and Attorney Lucien Gillham and $62,647.50 in attorneys' fees and $2,954.70 in costs to Attorney Andrew Clarke.

**I. Introduction**

This case arises from allegations of discrimination and retaliation on the basis of age, race, and military status in violation of Title VII of the Civil Rights Act, the Tennessee Human Rights

---

[1] Plaintiff's initial Motion for Sanctions (D.E. #188) was referred to the Magistrate Judge for determination. The Court held a hearing on this motion on August 28, 2012 and entered an Order Granting in Part and Denying in Part Motion for Sanctions on September 12, 2012 (D.E. #200). This Order required Plaintiff to submit an affidavit of proposed fees and permitted UPS to respond. Plaintiff filed its affidavits as the instant motion.

Act, the Age Discrimination in Employment Act, and the Uniformed Services Employment and Reemployment Rights Act. The instant case went to trial before a jury from June 25 until June 27, 2012. On June 27, 2012, Chief United States District Judge Jon P. McCalla declared a mistrial in the instant case for Defendant United Parcel Service, Inc.'s ("UPS") failure to produce documents in discovery. Specifically, although UPS had disclosed a certain investigative file, it was later updated to add a handwritten statement from David Pendleton and a safety ride form from Carolyn Mills. The updated file was never disclosed to Plaintiff.

In determining that a mistrial was necessary, the District Court stated that the failure to produce the complete file was the type of event that "so affects the ability of a party to present their case effectively and should have been avoided in the discovery process." The District Court advised that, "when the opposite party has introduced into the record materials which are materially—that appear to be materially incomplete, at this stage of the proceeding," a mistrial is necessary. The District Court further advised that, while there had been other issues raised during the course of the trial where a mistrial had been requested, those other issues "could have been addressed in the final instructions by the court" and "would not have required a mistrial." However, with respect to the discovery violation, the District Court found that, "in this particular case under the particular circumstances, Mr. Pendleton was the cornerstone of the plaintiff's presentation other than [Plaintiff's] testimony. His examination, direct examination was central to the theory of the plaintiff and a statement by Mr. Pendleton was not disclosed." Additionally, "a critical part of the case is the investigation conducted by security . . . . and has now been found to have been incomplete." For these reasons, the District Court found that "the plaintiff has been placed at such a disadvantage as to require justice to rule that there is a basis for a mistrial in this case."

Following the declaration of a mistrial, Plaintiff filed his initial Motion for Sanctions. After holding a hearing on the motion, the Magistrate Judge directed Plaintiff to submit affidavits in support of any request for attorneys' fees and directed UPS to respond within seven days of receipt of Plaintiff's affidavits. On October 3, 2012, Plaintiff filed the instant Motion for Attorneys' Fees and Costs. Plaintiff has requested $116,670.00 in fees and $8,075.17 in costs for Attorney Sutter and Attorney Gillham and $107,520.00 in fees and $3,304.70 in costs for Attorney Clarke.[2][3] UPS contends that Plaintiff is not entitled to an award of attorneys' fees and costs and that the requested amounts are unreasonable.

## II. ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure provides that, if a party violates a discovery order of the Court, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A) & (C).

---

[2] Attorney Sutter and Attorney Gillham have separately itemized their attorneys' fees (Exhibit C) and costs (Exhibit D). Attorney Clarke has included an itemization of his attorneys' fees at the conclusion of his Affidavit but lists his requested costs within his Affidavit (Exhibit E).

[3] In addition to the requests made in the instant motion, Plaintiff has requested in his Third Motion for Sanctions and Motion to Alter or Amend Order on Motion for Sanctions (D.E. #206) that UPS be required to "produce all witnesses in their control or influence at their expense, including Cowan, Wagner, and Robertson." This motion was also referred to the Magistrate Judge for determination (D.E. #209). The Magistrate Judge held a hearing on this motion on October 15, 2012. At the hearing, the Magistrate Judge advised that she would consider this request along with this motion for attorneys' fees. Because the Court does not find that this expense is directly related to the mistrial, the Court concludes that this request should be denied.

Initially, UPS argues that it has not violated any discovery order of this Court; however, the Magistrate Judge's May 11, 2012 Order Granting Plaintiff's Motion to Compel in Part, Granting Motion to Conduct More Depositions, and Order Denying Motion for Sanctions ("May 11, 2012 Order") (D.E. #131) ordered UPS to "produce all documents, security files, and discipline records" associated with certain individuals and investigations. During the course of the trial, it was discovered that UPS had not done so. Thus, UPS has violated the May 11, 2012 Order.

Next, UPS argues that its failure to produce these documents was either substantially justified or that other circumstances make an award of expenses unjust. UPS first asserts that its failure to disclose did not prejudice Plaintiff. However, the District Court has already concluded in granting the mistrial that UPS's failure to disclose put Plaintiff at a "disadvantage" and impacted the "cornerstone" of Plaintiff's case. The District Court further stated that the undisclosed documents were "central to the theory" of Plaintiff's presentation of proof and that the impact of the non-disclosure warranted a mistrial. Thus, the court finds the allegations of the lack of prejudice to be unavailing and, in any event, not to be the type of substantial justification or other circumstances that make an award of expenses unjust.

Additionally, UPS argues that it acted in good faith during the discovery process and that this should suffice to be the type of substantial justification or other circumstances where an award of fees and costs is not required. UPS argues that the documents do not support Plaintiff's case; however, as already noted, the District Court found otherwise. UPS argues that it did not intentionally withhold the documents, but there is no intentionality requirement in Rule 37. In any event, the Court does not find that a mere lack of intentionality constitutes a substantial justification or other circumstance to make an award of fees and costs unjust. Finally, UPS argues that the failure

4

to disclose the updated file was simply an oversight and that it acted with good faith in attempting to meet its discovery obligations. However, UPS has not sufficiently explained how an oversight of such magnitude as to warrant a mistrial occurred. While UPS relies upon case law stating that attorneys' fees should not be awarded if a party is unable to locate a document that is not produced, *see Buffalo Carpenters Pension Fund v. CKG Ceiling and Partition Co, Inc.*, 192 F.R.D. 92, 99 (W.D.N.Y. March 25, 2000), the *Buffalo Carpenters* court relied heavily upon the "several good faith attempts to secure the missing documents" that resulted in continually being advised that "the missing documents could not be found." *Id*. On the contrary, UPS presents no evidence of any attempts to provide the complete file that would be comparable to the "unique circumstances" present in *Buffalo Carpenters*. Ultimately, the Court does not find that the discovery violation was substantially justified or that any other circumstances exist to make an award of attorneys' fees and costs unjust.

Accordingly, the Court must award reasonable fees and costs under Rule 37. Thus, the sole remaining inquiry is the reasonable amount of the award. Plaintiff has requested $116,670.00 in fees and $8,075.17 in costs for Attorney Sutter and Attorney Gillham and $107,520.00 in fees and $3,304.70 in costs for Attorney Clarke. UPS does not dispute the rates charged by the attorneys but has argued that the number of hours spent on various tasks is unreasonable and should be excluded from any fee award. UPS also disputes the reasonableness of certain costs.

Before beginning with UPS's arguments regarding the reasonableness of certain attorneys' fees and costs, the Court has reviewed the fee requests and has concluded that no fees should be ordered before the date that UPS responded to the Court's May 11, 2012 Order, as it is these responses that were incomplete and eventually necessitated the mistrial. A review of the record

demonstrates that UPS responded on June 11, 2012. (D.E. #187, Exhibit L). Thus, the Court will strike all entries for attorneys' fees and costs requested on or before this date. This amounts to a deduction of $37,890 in attorneys' fees for Attorney Clarke, $33,687.50 in attorneys' fees for Attorney Sutter and Attorney Gillham, and $2558.31 in costs for Attorney Sutter and Attorney Gillham. The Court will not further address any of UPS's arguments with respect to fees or costs before this date.

With respect to the costs requested by Attorney Sutter and Attorney Gillham, UPS asserts that they have unreasonably sought as follows: (1) $50.00 in costs for the witness fee of an unidentified witness on June 19, 2012; (2) $376.96 in costs for five visits to the Apple store for "supplies"; (3) costs for a $52.00 meal at Gus's Fried Chicken restaurant; (4) costs for a $132.00 meal at The Majestic Grille; (5) costs for a $130.00 meal at Blues City Café; (6) costs for a $416.06 meal at Owen Brennan's restaurant; and, (7) $864.00 in costs for several nights of lodging at The Peabody Hotel in downtown Memphis.

Upon review, the Court finds that Plaintiff has not justified the reasonableness of the cost for the unidentified witness fee or the five visits to the Apple store, and thus these costs will not be awarded. These items amount to $496.26 and will be deducted from the award of costs to Attorney Sutter and Attorney Gillham.

With respect to the charges for lodging and meal expenses, Plaintiff has not attempted to demonstrate the reasonableness of these expenses. As UPS notes, the request for the meal at Owen Brennan's restaurant only constitutes more than five percent of the entire costs bill submitted in the instant case. The request for the total cost of meals constitutes approximately nine percent of the entire costs bill, and the request for the hotel costs constitutes nearly twelve percent of the entire

6

costs bill. Thus, rather than awarding the requested amounts, the Court will award the rate of the United States General Services Administration Per Diem Rates for Memphis, Tennessee to Attorney Sutter and Gillham from June 22, 2012 until June 28, 2012, which are the dates it appears to the Court that these attorneys from Little Rock, Arkansas were in Memphis for the trial of this matter. This per diem rate is $91.00 for lodging and $61.00 for meals. The Court will deduct Attorney Sutter and Attorney Gillham's proposed fee award for lodging and meals replace these amounts with an award of $637.00 for lodging and an award of $427.00 for meals.

Additionally, UPS asserts that Attorney Clarke has billed for witness fees that have also been billed by Attorney Sutter and Attorney Gillham. Specifically, UPS states that the attorneys appear to have double-billed witness fees for Brad Jordan, Ira Ford, Jessie Hughes, Alpha Price, Naaman Kelley, and Rodell Diggins. Upon review, it does appear to the Court that Attorney Sutter and Attorney Gillham have billed $350.00 for fees for these witnesses and Attorney Clarke has included these same witnesses in his $600.00 fee request, which is not itemized by amount. The Court finds that Plaintiff has failed to justify the reasonableness of these dual requests. Thus, the Court will deduct $350.00 from Attorney Clarke's fee award with the expectation that these witnesses have been compensated by Attorney Sutter and Attorney Gillham in accordance with their itemized billing records.

Further, UPS argues that Plaintiff seeks payment for fees that would have been incurred regardless of when these two documents were produced: (1) $5,885 in fees for determining Plaintiff's damages calculation; (2) $27,335 for deposition-related attorneys' fees; and, (3) $33,620 in fees for the three days of trial before the mistrial was declared. Upon review, the Court finds that Plaintiff should be awarded all fees for the three days of trial, as these fees are the precise nature of

7

expenses Plaintiff incurred as a result of UPS's discovery violation.[4] With respect to fees for Plaintiffs' damages calculation and depositions, the Court has reviewed the affidavits to determine the amount of the requests for fees and costs incurred after June 11, 2012. The Court finds that UPS should not be required to compensate Plaintiff for the attorneys' fees related to depositions, as these hours should be useful to the resolution of this case even absent the mistrial. Thus, the Court will deduct $1,575.00 for the deposition of UPS's corporate representative on September 14, 2012 and $1,820.00 for the deposition of Plaintiff and his wife on June 13, 2012. The Court does not find any requested fees on or after June 11, 2012 for Plaintiff's damages calculation, and thus the fee award will not be adjusted on this basis.

Finally, upon review of the fee requests, the Court finds that hours for post-trial mediation are not a direct result of the mistrial, as there is no certainty that the trial would have resulted in a verdict even without the mistrial. Thus, the portions of the entries that pertain to mediation will be stricken from the fee award. Specifically, the Court will deduct $3,587.50 from Attorney Clarke's fee request from July 18, July 19, August 16, August 17, and August 29, 2012.

### III. Conclusion

For the reasons set forth herein, Plaintiff's Motion for Attorneys' Fees and Costs is hereby GRANTED. The Court deducted $33,687.50 for fees on or before June 11, 2012 from Attorney

---

[4] UPS continues to argue that Plaintiff had repeatedly requested a mistrial on other grounds and, had one of those requests been granted, that Plaintiff "would currently be in the same position." While that may be true, those other requests were not granted, and the District Court concluded that jury instructions could have appropriately remedied any other errors in the proceedings. Yet the District Court found that it was UPS's non-production of responsive documents that were central to Plaintiff's case that required a mistrial. As such, Rule 37 requires that the party that failed to comply with the discovery order pay the reasonable costs incurred by the violation.

8

Sutter and Attorney Gillham's attorneys' fees request for an award of $82,982.50. The Court deducted $4,580.11 in costs from Attorney Sutter and Attorney Gillham's cost request but added $1,064.00 in per diem for lodging and meals for an award of $4,559.06. The Court deducted $44,872.50 from Attorney Clarke's attorneys' fees request for an award of $62,647.50. The Court deducted $350.00 from Attorney Clarke's cost request for an award of $2,954.70. In sum, the Court awards $87,541.56 to Attorney Sutter and Attorney Gillham and $65,602.20 to Attorney Clarke.

    **IT IS SO ORDERED** this 21st day of November, 2012.

                                            s/ Charmiane G. Claxton
                                            CHARMIANE G. CLAXTON
                                            UNITED STATES MAGISTRATE JUDGE